# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL WELDON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-00733-CV-RK |
| SPIRE MISSOURI, INC., SPIRE, INC., | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand, which has been fully briefed and is ready for decision. (Doc. 11; Doc. 16; Doc. 18.) After careful consideration and for the reasons below, the motion is **GRANTED in part** and **DENIED in part**. (Doc. 11.) The case is **REMANDED** to state court, but Plaintiff's request for attorneys' fees is **DENIED**.

### Background

Plaintiff alleges claims of race discrimination, retaliation, and aiding-and-abetting under the Missouri Human Rights Act ("MHRA") relating to alleged discrimination during on-the-job training. (Doc. 1-1.) Plaintiff claims, in relevant part, that Defendants allowed white trainees to take training exams more than two times, but not people of color, and used a recruiting firm that specialized in pre-training white applicants. He also claims that Defendants created a hostile work environment, directed racial slurs at him, and fired everyone but the white trainees from his training class. Defendant removed the case to this Court on the basis of federal question jurisdiction, and Plaintiff filed the present motion to remand.

### Discussion

**I. Federal Question Jurisdiction**

Plaintiff invokes the "well-pleaded complaint rule" and argues that the case must be remanded because the complaint asserts only state-law claims. Defendants argue that the "complete-preemption" exception to this rule applies under § 301 of the Labor Management Relations Act ("LMRA"). This exception would permit exercising federal question jurisdiction if the state-law claims "substantially depend[] on analysis of a collective bargaining agreement" ("CBA"). *Markham v. Wertin*, 861 F.3d 748, 754-55 (8th Cir. 2017) (quotation marks and citations omitted). However, Defendants do not point to any CBA provision they believe requires

interpretation. This is insufficient. "[T]he claim must require the interpretation of some specific provision of a CBA; it is not enough that the events in question took place in the workplace . . . ." *Markham*, 861 F.3d at 755 (quotation mark and citation omitted); *see Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) (The removing party "bears the burden of establishing jurisdiction by a preponderance of the evidence.").

The Court finds that none of Plaintiff's MHRA claims require substantial analysis of the CBA or the training program documents that Defendants argue are incorporated into the CBA. Rather, Plaintiff's claims arise from rights and obligations that exist independently of the CBA and training program, and they center on factual questions about Defendants' conduct and motives, which "do[] not turn on the meaning of any provision of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988). Although some discussion of Defendants' training program may be required for frame of reference, "'not every dispute . . . tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301.'" *Id.* at 413 n.12 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)).

Defendants argue that substantial interpretation of the CBA is required because Plaintiff must show that he was "qualified" for the job in order to make out a prima facie case under the *McDonnell-Douglas* framework. However, *McDonnell-Douglas* does not apply here. Unlike in *Boldt v. Northern States Power Company*, 904 F.3d 586, 591 (8th Cir. 2018), Plaintiff claims to have direct evidence of racial animus. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("[T]he *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case."). Furthermore, the Court finds that Plaintiff's claims are more like the disability-discrimination claims in *Markham* than (1) the accommodation claim in *Davis v. Johnson Controls, Inc.*, 21 F.3d 866, 868 (8th Cir. 1994), which required analyzing a CBA's seniority provisions, and (2) the claims in *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 623-24 (8th Cir. 1989), which concerned whether the CBA was followed. Accordingly, the Court concludes that resolution of Plaintiff's claims will not substantially depend on an interpretation of the CBA, and the Court lacks federal question jurisdiction.

**II.  Attorneys' Fees**

Plaintiff requests attorneys' fees under 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney

2

fees, incurred as a result of the removal." Absent unusual circumstances, attorneys' fees "should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005). Fees are appropriate if the defendants removed the case "for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. However, the defendants need not have an "airtight" or "obvious" basis for removal. *Id.* Here, the Court finds that Defendants did not file the removal to prolong the litigation or impose costs on Plaintiff, and the Court concludes that Defendants had an objectively reasonable basis to argue that the complete-preemption exception applied.

## Conclusion

Accordingly, Plaintiff's Motion to Remand is **GRANTED in part** and **DENIED in part**. (Doc. 11.) Specifically, the case is **REMANDED** to the Circuit Court of Jackson County, Missouri, but Plaintiff's request for attorneys' fees is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 29, 2019